UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY M. VERGE,
 formerly known as Tiffany M. Pierce,

                                    Plaintiff,

                    v.

ANDREW M. SAUL,[1] Commissioner of
 Social Security,

                                    Defendant.
_____

                                                              **DECISION
                                                              and
                                                              ORDER**

                                                              **19-CV-543F**
                                                              (**consent**)


APPEARANCES:         LAW OFFICES OF KENNETH R. HILLER, PLLC
                     Attorneys for Plaintiff
                     KENNETH R. HILLER, and
                     BRANDI CHRISTINE SMITH, of Counsel
                     6000 North Bailey Avenue
                     Suite 1A
                     Amherst, New York  14226

                     JAMES P. KENNEDY, JR.
                     UNITED STATES ATTORNEY
                     Attorney for Defendant
                     Federal Centre
                     138 Delaware Avenue
                     Buffalo, New York  14202
                            and
                     FRANCIS D. TANKARD, and
                     JENNIFER E. WHELAN
                     Special Assistant United States Attorneys, of Counsel
                     Social Security Administration
                     Office of General Counsel
                     601 East 12th Street
                     Room 965
                     Kansas City, Missouri  64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 7, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 13). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on October 15, 2019 (Dkt. 9), and by Defendant on November 13, 2019 (Dkt. 11).

## BACKGROUND

Plaintiff Tiffany M. Verge ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on May 14, 2015, for Social Security Supplemental Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges she became disabled on May 13, 2014, based on depression, anxiety, panic attacks – gets dizzy, learning disability diagnosed at age 4, 5th grade reading level - difficulty sounding out words, tumor removal resulting in loss of tailbone, difficulty standing straight up – leaning forward when standing, unable to lift more than five pounds, unable to sit or stand for long periods of time, restless leg syndrome, and asthma. AR[2] at 145, 150. Plaintiff's application initially was denied on October 14, 2015, AR at 44-51, and at Plaintiff's timely request, AR at 68-82, on March 8, 2018, a hearing was held via teleconference in Jamestown, New York before administrative law judge Melissa Lin Jones ("the ALJ") located in Buffalo, New York. AR

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on July 1, 2019 (Dkt. 6).

at 28-43 ("administrative hearing").  Plaintiff failed to appear and testify at the

administrative hearing but testimony was taken from Plaintiff's attorney, Kelly Laga

Sciandra, Esq. ("Laga Sciandra"), and vocational expert Carrie E. Anderson ("the VE").

On May 7, 2018, the ALJ issued a decision denying Plaintiff's claim, AR at 12-27

("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 7-11.

On March 4, 2019, the Appeals Council denied Plaintiff's request for review, AR at 1-6,

rendering the ALJ's Decision the Commissioner's final decision.  On April 26, 2019,

Plaintiff commenced the instant action seeking review of the ALJ's Decision.

On October 15, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 9)

("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion

for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum").  On November 13,

2019, Defendant moved for judgment on the pleadings (Dkt. 11) ("Defendant's Motion"),

attaching Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social

Security Cases (Dkt. 11-1) ("Defendant's Memorandum").  Filed on December 4, 2019,

was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support

for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 12) ("Plaintiff's Reply").  Oral

argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is

GRANTED.

### FACTS[3]

Plaintiff Tiffany M. Verge ("Plaintiff" or "Verge"), born July 5, 1991, was 22 years old as of May 24, 2014, her alleged disability onset date ("DOD"), and 26 years old as of May 7, 2018, the date of the ALJ's Decision.  AR at 24, 121, 145.  Plaintiff attended special education classes in school, completed high school, and received no specialized job or vocational training, AR at 151, and previously worked for brief stints as a cook in various fast food and pizza restaurants.  AR at 152.  Plaintiff never submitted a function report detailing her alleged limitations in connection with her disability benefits application, did not submit to any of the three scheduled psychiatric and internal medicine consultative examinations despite both Plaintiff and her attorney representative being provided with proper notice of the scheduled examinations, AR at 48, nor did Plaintiff appear at the April 12, 2018 administrative hearing.  AR at 30.  As such, the ALJ relied on the administrative record in posing hypotheticals to the VE containing the same limitations as reported in the ALJ's Decision.  AR at 37-41.

Specifically, the hypothetical the ALJ posed to the VE included an individual aged 22 to 26, with a high school education, no past relevant work ("PRW"), with only nonexertional limitations including being limited to simple, routine tasks, cannot work at a production rate pace (assembly line pace), and cannot be exposed to fumes, dust, odors, or other pulmonary irritants.  AR at 39.  The VE responded such an individual could work as a dietary aide, order picker, and packer.  AR at 39.  The ALJ added further limitations including no working with the general public, occasional interaction with co-workers or supervisors, with the VE responding such an individual would be

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

able to perform the same three jobs earlier identified.  AR at 40.  In response to the ALJ's inquiry, the VE stated the off-task tolerance for all three jobs was 10% of the workday aside from two regular 15-minute breaks, one in the morning and one in the afternoon, and a 30-minute lunch break, with absentee tolerance of one day per month. AR at 39-40.

In speaking in support of Plaintiff's disability benefits application, Plaintiff's attorney stated she had been unable to contact Plaintiff for more than one month, AR at 32-33, and that telephone calls and letters Laga Sciandra sent to Plaintiff went unanswered but were not returned by the postal service as undeliverable.  *Id.* at 33. Laga Sciandra summarized Plaintiff's claim as a history of "some psychiatric issues" including post-traumatic stress disorder ("PTSD"), and pain from endometriosis.  *Id.* at 41.  Laga Sciandra continued that although the record does not indicate the "full impact" of Plaintiff's impairments on Plaintiff's ability to perform work, "typically" such impairments can interfere with socializing and concentration which can negatively impact the ability to maintain competitive employment particularly with regard to "scheduling and being productive."  AR at 41-42.

## DISCUSSION

## 1.    Standard and Scope of Judicial Review

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's

determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir.

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of

proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 14, 2015, the date of her disability benefits application, AR at 17, and suffers from the severe impairments of asthma, depression, anxiety, PTSD, and a learning disorder, *id.* at 18, but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 18-19.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform a full range of work at all exertional levels but with nonexertional limitations including simple, routine, repetitive tasks not performed at a production rate pace, and must avoid exposure to fumes, dust, odors, or other pulmonary irritants. *Id.* at 19-23.  Plaintiff has no PRW, *id.* at 23, yet given Plaintiff's RFC, age, high school graduate education and ability to communicate in English, Plaintiff can perform jobs that exist in significant numbers in the national economy including dietary aide, order picker, and packer.  *Id.* at 23-24.  Based on these findings, ALJ determined Plaintiff is not disabled as defined under the Act.  *Id.* at 24.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ erred in assessing

Plaintiff's mental residual functional capacity by failing to obtain a mental health assessment of Plaintiff's functioning and limitations, relying instead on her own interpretation of raw medical data in determining Plaintiff's RFC, which is strictly prohibited.  Plaintiff's Memorandum at 12-18.  In opposition, Defendant argues the ALJ's Decision includes a discussion of the records from several treating providers, establishing the ALJ considered the record as a whole which "shows remarkably consistent mental functioning throughout the period at issue," and which does not establish any gaps in the record such that the ALJ was not required to obtain a mental health assessment of Plaintiff's functioning and limitations.  Defendant's Memorandum at 8-17.  In reply, Plaintiff argues that by failing to rely on a medical opinion or useful assessment of Plaintiff's mental health functioning and limitations, the ALJ instead made a common sense judgment of Plaintiff's RFC which is not permitted.  Plaintiff's Reply at 1-3.  Plaintiff's argument is without merit because the Plaintiff failed to cooperate with the disability process by failing attend any of the three scheduled consultative psychiatric evaluations as well as the three scheduled consultative internal medicine evaluations despite both Plaintiff and her attorney receiving notices that complied with the relevant regulations, AR at 48, which Plaintiff does not dispute.

In particular, a disability benefits claimant is required to cooperate with the agency's request for medical evidence regarding the claimant's asserted disability, including submitting for medical examinations, 20 C.F.R. § 416.916, and a disability benefits claimant may be found not disabled where the claimant, without good reason, fails or refuses to participate in a consultative examination arranged by the SSA to obtain information needed to determine the claimant's eligibility for disability benefits.

20 C.F.R. § 416.918(a).  "Good reasons" for failing to participate in a scheduled examination include (1) illness on the date of the scheduled examination; (2) failing to receive timely notice of the examination; (3) being provided with incorrect or incomplete information about the time, place, or physician involved with the examination; or (4) a death or serious illness in the claimant's immediate family.  20 C.F.R. § 416.918(b).  Objection to the examination by the claimant's medical source may also excuse the claimant's participation.  20 C.F.R. § 416.918(c).  Further, upon the claimant's failure to attend a consultative examination without establishing the requisite good cause for such failure, the ALJ must then issue a decision based on the available evidence.  *See* SSA's Hearing, Appeals, and Litigation Law Manual ("HALLEX")[5] § I–2–5–24A (Oct. 9, 2015)[6] (citing 20 C.F.R. §§ 416.916, 416.918, and 416.9949(b)(3)(iv)(D)(4)(ii)).

Here, the ALJ specifically addressed that Plaintiff offers no explanation for missing all three scheduled appointments for consultative psychiatric examinations as well as three scheduled appointments for internal medicine examinations.  AR at 22.  Although the non-adversarial nature of a disability benefits proceeding places on the ALJ an affirmative obligation to fully develop the administrative record, *Burgess*, 537 F.3d at 128, the Defendant is not under any general obligation to offer proof that the plaintiff is not disabled, *Rosa*, 168 F.3d at 79 n. 5 ("where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim."), and, as provided for by 20 C.F.R. § 416.918(a), a disability

---

[5] "HALLEX" refers to the Hearings, Appeals and Litigation Law Manual, an internal manual used by the Social Security Administration.  *See* 1993 WL 643036 (Last Update May 1, 2017).
[6] Available at http://www.socialsecurity.gov/OP_Home/hallex/I–02/I–2–5–24.html.

benefits claimant's failure to provide good reason for failing or refusing to participate in a consultative examination may result in a determination the claimant is not disabled. Accordingly, the ALJ did not err in assessing Plaintiff's mental RFC without obtaining a mental health assessment of Plaintiff's functioning and limitations, but was permitted to rely on the evidence in the record in making such assessment.

Toward that end, substantial evidence in the record supports the ALJ's determination that Plaintiff is not disabled including that the record establishes Plaintiff received only sporadic mental health treatment with mild to moderate clinical findings. *See*, *e.g.*, AR at 199-20 (June 29, 2015 office treatment note reporting Plaintiff with history of anxiety and depression, but that Plaintiff was off psychiatric medications because she was pregnant, yet reported improved mood and denied anxiety, depression, mental illness, suicidal or homicidal thoughts and stress); 438 (April 1, 2016 treatment note reporting Plaintiff "denies psychiatric symptoms" and depression); and 472-74 (May 13, 2016 Individual Progress Note detailing psychiatric assessment by mental health provider Rose Ann R. Flick, APPMHNP-BC diagnosing Plaintiff with "major depression, recurrent, mild by history").  The ALJ thus did not err in assessing Plaintiff's mental RFC without obtaining a medical assessment of Plaintiff's functional limitations, but was permitted to rely on the evidence in the record in making such assessment for which a review of the record establishes is supported by substantial evidence.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion

(Dkt. 11) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:       September 15th, 2020
             Buffalo, New York